IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MILLICEN MARIE HUDDLESTON,

    Plaintiff,

v.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Civ. No. 3:15-cv-02427-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff Millicen Marie Huddleston brings this action under 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits ("DIB"). The Commissioner's decision is reversed because the Appeals Council ("AC") erred in finding new evidence was not material to the Administrative Law Judge's ("ALJ") decision. Because it is not clear that the ALJ would have to

1 – OPINION AND ORDER

find plaintiff disabled even with the new medical opinions, this matter is remanded to the ALJ for further proceedings.

## PROCEDURAL BACKGROUND

Huddleston applied for DIB on May 22, 2011, alleging disability as of March 24, 2011. Following a hearing, the ALJ issued a written opinion on May 29, 2014 finding Huddleston not disabled. After the ALJ's decision, Huddleston submitted new evidence to the AC. This new evidence consisted of medical opinions from two members of Huddleston's "three-member treatment team," including Dr. Sheryl Estlund, Huddleston's "primary provider." Tr. 1530-31; 1562.[1] Amongst other comments, Dr. Estlund opined Huddleston "is limited in standing and walking no more than occasionally . . . ." Tr. 1530. Dr. Estlund drafted her opinion on July 10, 2014, but noted "This information is derived from my observations and the review of her record and consistent with my treatment of her." Tr. 1531. Dr. Estlund noted her team treated Huddleston since March of 2011. Tr. 1530. In other words, Dr. Estlund's team treated Huddleston throughout her alleged period of disability.

The AC considered the new evidence, but stated:

> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.
>
> We also looked at[:] The Administrative Law Judge decided your case through May 29, 2014. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before May 29, 2014.

Tr. 2.

Critical to the dispute here, the AC explicitly noted it received the July 2014 opinions of Huddleston's treating physicians and "is making [the additional evidence] part of the record." Tr. 6. The AC then denied Huddleston's request for review. Tr. 1.

---

[1] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

2 – OPINION AND ORDER

Huddleston timely appealed the Commissioner's decision. Huddleston alleges several errors. As relevant here, Huddleston argues the AC erred in failing to consider the new evidence material to her claim.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

## DISCUSSION

The ALJ here issued a well-reasoned decision based on the evidence before him. However, Huddleston submitted new evidence to the AC. The AC found the new evidence was not material because it was dated two months after the ALJ's decision. The Commissioner argues the Court lacks jurisdiction to review the AC's decision because it is not a "final

3 – OPINION AND ORDER

decision." The Commissioner argues that under sentence six of § 405(g), Huddleston must demonstrate "good cause" for not presenting the new evidence to the ALJ.

Nearly five years ago, the Ninth Circuit rejected a nearly identical version of the Commissioner's current argument. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159 (9th Cir. 2012) ("The Commissioner contends that when the Appeals Council denies review of an ALJ's decision, evidence that was not before the ALJ is not part of the administrative record before the district court, even if that evidence was submitted to and accepted by the Appeals Council. We disagree."). Instead, "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes*, 682 F.3d at 1159-60.

As noted, the AC explicitly made the two medical opinions part of the record. Tr. 6.[2] And although the opinions were dated two months after the ALJ's decision, the opinions made clear they were based on Huddleston's treatment history dating back to 2011, three years before the ALJ's decision. Tr. 1530-31. The AC therefore erred in finding the new opinions were not material. *See* 20 C.F.R. § 404.970(b) (AC shall evaluate new and material evidence that "relates to the period on or before the date of the administrative law judge hearing decision."). This Court looks to the new evidence in determining whether the ALJ's decision is supported by substantial evidence. *Brewes*, 682 F.3d at 1163.

---

[2] This case differs from those where the AC did not make the new evidence part of the record and the court required the claimant to satisfy sentence six of § 405(g). *See Knipe v. Comm'r of Soc. Sec. Admin.*, 2015 WL 9480026 at *5-6 (D. Or. Dec. 29, 2015). Therefore, the Commissioner's argument that Huddleston provide "good cause" for not submitting the new evidence earlier fails.

4 – OPINION AND ORDER

The new evidence concerns medical opinions of Huddleston's primary care physicians. They look to be the only treating opinions in the voluminous record. According to Dr. Estlund, Huddleston "is limited in standing and walking no more than occasionally . . . ." Tr. 1530. If the ALJ gives great weight to Dr. Estlund's opinion, Huddleston would be disabled as of her 50th birthday because, under the regulations, a claimant who is 50 years old and unable to perform sedentary work is disabled.

The ALJ is charged with weighing conflicting evidence. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). Here, the ALJ found Huddleston's testimony less than fully credible regarding the extent of her limitations. In examining Dr. Estlund's opinion, the ALJ may conclude it is entitled to little weight because it is based on Huddleston's self-reports. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible."). On the other hand, the ALJ could conclude Dr. Estlund's opinion is inconsistent with either her own notes or the record as a whole. *Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014). The new evidence, however, could well alter the ALJ's original opinion as to Huddleston's credibility. The ALJ should essentially start from scratch:

> Where the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence.

*Taylor v. Comm'r of Soc. Sec. Admin*, 659 F.3d 1228, 1233 (9th Cir. 2011).

Huddleston argues this Court should remand for payment of benefits. Generally, "when an ALJ's denial of benefits is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)). However, courts may award benefits only "where the record has been fully

5 – OPINION AND ORDER

developed and where further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Here, the ALJ must weigh the new evidence in light of the original evidence. *Taylor*, 659 F.3d at 1233. Additionally, examining the record as a whole "creates serious doubt as to whether Claimant is, in fact, disabled" and "remand on an open record for further proceedings" is appropriate. *Burrell*, 775 F.3d at 1140.

## CONCLUSION

The Commissioner's reversed and remanded. On remand, the ALJ shall conduct further proceedings on an open record.

IT IS SO ORDERED.

DATED this 10th day of February, 2017.

                                              /s/ Michael McShane
                                              Michael McShane
                                        United States District Judge